OPINION AND JOURNAL ENTRY
{¶ 1} Petition for writ of mandamus was filed pro-se by Petitioner on July 31, 2003, seeking an order to compel Respondent to rule on a "Motion to Vacate and Set Aside Costs, Fines and/or Restitution in a Felony, O.R.C. 2929.18(E)," which Petitioner had filed in Respondent Court on March 27, 2003.
 {¶ 2} In order to grant the writ of mandamus it must be demonstrated that the Petitioner has a clear legal right to the relief prayed for, that the Respondent is under a clear duty to perform the requested act and that there exists no other adequate remedy in the ordinary course of law. State ex rel. Karmasu v. Tate (1992),83 Ohio App.3d 199. An adequate remedy of law exists by way of a direct appeal from a judgment on the motion. On August 5, 2003, the Respondent filed a judgment entry, in the underlying criminal matter, overruling the Petitioner's motion to vacate. A writ of Mandamus will not issue to compel an act already performed. State ex rel. Eads v. Callahan (1998),82 Ohio St.3d 405.
 {¶ 3} As the Respondent has granted the relief requested in this mandamus petition, it is hereby dismissed as moot.
 {¶ 4} Costs of this action taxed against Petitioner.
 {¶ 5} Final order. Clerk to serve notice on the parties pursuant to the civil rules.
Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, P.J., concurs.